UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ARTHUR L. POCH                                CIVIL ACTION NO. 12-1878

VERSUS                                        JUDGE ELIZABETH ERNY FOOTE

UNUM GROUP, ET AL                             MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

In this ERISA suit the plaintiff, a physician, seeks reversal of a decision by the defendants denying him long-term disability benefits for an injury that has allegedly prevented him from performing certain medical procedures on which his livelihood depends. This denial of benefits was the subject of a virtually identical case filed by the same plaintiff against the same defendants that this Court dismissed without prejudice for failure to exhaust administrative remedies. Poch v. Unum Group, Civil Action No. 10-33, 2011 WL 4479540, at *9 (W.D.La. Sept. 26, 2011). Before the Court are motions for a decision on the stipulated record, filed by the Plaintiff, Dr. Arthur L. Poch ("Dr. Poch"), and the Defendants, Unum Group and Provident Life and Accident Insurance Company (collectively referred to as "Unum"). [Record Documents 23 and 24]. Once again, the Plaintiff urges the Court to find that Unum's denial of his disability benefits was arbitrary and capricious, and thus requires reversal, whereas Unum argues that Dr. Poch has still failed to exhaust his administrative remedies. For the following reasons, the Court finds that Dr. Poch has indeed failed to exhaust his administrative remedies and **DISMISSES**

his claims with prejudice.

**I.    Factual and Procedural Background**

The history of Dr. Poch's initial denial of benefits has been exhaustively set out by the Court in its Memorandum Order dismissing the previous incarnation of this case. Poch, 2011 WL 4479540, at *1-7. Little has happened since the dismissal of that case on September 26, 2011. The following facts are taken from the Joint Stipulation of Facts submitted by both parties. [Record Document 16]. In the previous case, on November 10, 2011 the Court denied Unum's Motion to Alter or Amend the Judgment to dismiss Poch's claims with prejudice. The Court denied the motion through an electronic minute entry and did not give reasons. Poch v. Unum Group, Civil Action No. 10-33, [Record Document 62] (W.D.La. Nov. 10, 2011). Unum subsequently received a letter from Poch dated May 21, 2012 requesting an administrative appeal of the November 3, 2009 denial of his claim.  On May 22, 2012 Dr. Poch filed the instant lawsuit in the First Judicial District Court for the Parish of Caddo, Louisiana, and Unum removed it on July 11, 2012.  Unum responded to Poch's letter on May 31, 2012, notifying him that the denial of his claims would be upheld because he had failed to pursue an appeal with 180 days of the initial denial. Unum also stated "alternately" that "even if the previous judgment of November 10, 2011, was construed to have extended the deadline to 180 days from that date, the administrative remedies had still not been timely pursued." [Record Document 16, p. 4].

## II.     Applicable Law

Poch does not contest that the disability policies in question are governed by ERISA. [Record Document 23-1, p.9]. ERISA authorizes a civil action by a participant "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Before the Court can review an administrator's decision under ERISA the plaintiff must first exhaust all administrative remedies.  See Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300-03 (5th Cir. 1985).  Although ERISA itself contains no exhaustion requirement, Wilson v. Kimberly-Clark Corp., 254 F.App'x 280, 285 (5th Cir. 2007), the Fifth Circuit has ruled that a "claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." Lacy v. Fulbright & Jaworski, 405 F.3d 254, 256 (5th Cir. 2005). This requirement is in place in order to:  (1) uphold Congress's desire to have ERISA trustees rather than federal courts be responsible for the actions of plan administrators; (2) provide a clear record of the administrative action; and (3) allow judicial review under the abuse of discretion standard, as opposed to de novo, "to keep from turning every ERISA action, literally, into a federal case." Denton, 765 F.2d at 1300; Bourgeois v. Pension Plan for the Emp. of Santa Fe Int'l Corps., 215 F.3d 475, 479 n. 4 (5th Cir. 2000).  The exhaustion requirement is excused when exhaustion would be futile or the remedy is inadequate.  Id.; Hall v. Nat'l Gypsum Co., 105 F.3d 225, 232 (5th Cir. 1997); see also Baptist Mem'l Hosp.-Desoto Inc. v. Crain Auto., Inc., 392 F.App'x 288 (5th Cir. 2010)(excusing failure to exhaust administrative remedies because the plan failed to

provide notice that it denied the claim). However, as the Fifth Circuit has explained, "a failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility." McGowin v. Manpower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004)(citing Bourgeois, 215 F.3d at 479-80).

### III. Analysis

Dr. Poch's Motion for Decision on the Stipulated Record does not address whether he has failed to exhaust his administrative remedies. [Record Document 23]. In his reply he devotes approximately one page to the exhaustion question, presenting two arguments for why review is not barred for failure to exhaust administrative remedies:

1) "It is respectfully submitted that Unum's first argument, that Dr. Poch's appeal letter of May 21, 2012 was received more than 180 days from Dr. Poch's receipt of Unum's denial letter of November 3, 2009, has been essentially disposed of with the Court's rejection, in Poch #1, of similar arguments made by Unum in its effort to have the prior dismissal of Poch #1 be made with prejudice." [Record Document 26, p.3];

2) Poch's May 21, 2012 request for an administrative appeal was timely because the 180 day deadline to file an administrative appeal was reset when the Court dismissed Poch's first suit without prejudice. This new 180 day clock ran from the "date on which the Court's Order of November 10, 2011 became final," which was December 10, 2011. Poch therefore had

until June 7, 2012 to request an administrative appeal. Id.

The second argument assumes that the Court's electronic minute entry denying Unum's motion to amend the judgment restarted the 180 day clock—that is, it assumes that the first argument is correct. The Court, however, is not convinced that the decision to dismiss Poch's first suit without prejudice implicitly reset his administrative appeal clock.[1] Interpreting the Court's previous decision as extending the administrative appeals deadline raises vexing questions that one would expect the Court to have addressed if that were its intention. The Court did not discuss the source of its authority to alter the plan's appeal deadline. If the Court believed it had the power to change the appeal deadline, it did not state when exactly the appeals clock would begin to run again and for how long the clock would run. Poch simply assumes that another 180 day period would be appropriate, but he cites no order of the Court or other legal authority to support this assumption.

In short, Plaintiff's interpretation of the Court's denial of Unum's motion to alter the previous judgment does not comport with the court's summary disposition of that motion. The Court therefore finds that its decision to dismiss the first case without prejudice did not extend Poch's deadline to appeal his denial of benefits. Poch has failed to demonstrate that he has exhausted his administrative remedies, and his claims

---

[1] Plaintiff's one-sentence formulation of his first argument is somewhat cryptic. The elaboration given above is the most colorable one the Court can come up with. To the extent that Plaintiff argues that by dismissing the first action without prejudice the Court held that Plaintiff need not exhaust his administrative remedies at all, that argument cannot be reconciled with the fact that the Court dismissed the first action for failure to exhaust administrative remedies.

against Unum for disability benefits must be dismissed. Unum's May 31, 2012 letter to Poch makes clear that they will not extend his deadline to appeal or allow him to file an out of time appeal. Poch offers nothing to show that he will be able to exhaust his administrative remedies in the future. Dismissal with prejudice is therefore appropriate. Dawson Farms, LLC v. Farm Service Agency, 504 F.3d 592, 607 (5th Cir. 2007) ("While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice.") (citations omitted).

**IV. Conclusion**

For the foregoing reasons,

Plaintiff's claims against Unum are hereby **DISMISSED with prejudice**.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE